1
2
3
4
5
6
7          UNITED STATES BANKRUPTCY COURT

8          NORTHERN DISTRICT OF CALIFORNIA

9  In re

10  HOWARD and HEATHER MURRAY,                        No. 09-13873

11                        Debtor(s).
   _____/

12
                     Memorandum on Review of Fees
13                     _____

14          On February 11, 2010, a creditor's motion for relief from the automatic stay was called on the

15  court's calendar.  The court was surprised to see debtor Howard Murray appear on his own behalf, as

16  the court docket showed that he was represented by attorney Susan Feeney.  Howard complained to the

17  court that he had been "abandoned" by Feeney and left to represent himself in the matter.

18          It is of no material consequence that Feeney did not appear for Murray, even though she could

19  have easily done so by telephone.   The discharge was due in just eight days, and that would terminate

20  the automatic stay protecting the discharge by operation of law.  *In re Munoz,* 287 B.R. 546, 550 (9th

21  Cir. BAP 2002).  However, the court ordered Feeney to file a fee application for review because the

22  Murrays had paid Feeney $3000.00; for that kind of money, they were entitled to full representation

23  including all normal court hearings.  There did not seem to by any reason why Murray had to appear

24  without counsel.

25          Feeney's response is that her agreement with the Murrays "clearly states" that her services are

26  limited by her agreement with then to analysis of their financial condition, preparation of documents

1

and representation at the meeting of creditors and she would charge extra for the automatic stay appearance.

The problem with Feeney's position is that attorneys are not free, in bankruptcy cases, to contract away fundamental obligations to debtors, including automatic stay representation. See *In re Castorena*, 270 B.R. 504, 530 (Bkrtcy.D.Idaho 2001). While the court may allow some limitations on such obligations where the debtors clearly got a "bargain" in the fee agreement, a fee of $3,000.00 is very substantial and cannot justify limited services. At the very least, Feeney had an obligation to explain to the Murrays that contesting the stay relief motion was futile. Failing to convince them, she should have arranged to appear by telephone and explain the situation to the court. She was not free to fall back on limitations in her employment contract to ignore her clients and the stay relief motion.

A fee of $3,000.00 is excessive where the only services provided are analysis of financial condition, preparation of documents and representation at the meeting of creditors. An attorney who takes that kind of fee is expected to handle all of the issues that arise in the basic milieu of a bankruptcy case, including stay relief motions. Accordingly, the court will direct Feeney to refund the sum of $350.00 to the Murrays so that they can obtain basic counseling as to the stay relief motion and its consequences. An appropriate order will be entered.

Dated: March 15, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

2